UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YONG BIAO JI,                                          :
                  Plaintiff,             :
                                                      :
v.                                                     :
                                                      :       **MEMORANDUM**
AILY FOOT RELAX STATION, INC. d/b/a                    :       **OPINION AND ORDER**
Foot Relax Spa Station; LINDA FOOT                     :
RELAX SPA STATION, INC. d/b/a Foot Relax               :       19 CV 11881 (VB)
Spa Station; XIANG MAN ZHANG a/k/a                     :
Ailing Zhang; and KE XUE ZHENG,                        :
                  Defendants.          :
                                                      :
--------------------------------------------------------------x

Plaintiff Yong Biao Ji brings this putative class and collective action against defendants

Aily Foot Relax Station, Inc. and Linda Foot Relax Spa Station, Inc., both doing business as Foot

Relax Spa Station; Xiang Man Zhang, also known as Ailing Zhang; and Ke Xue Zheng, asserting

claims pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"),

and the New Jersey Wage and Hour Law ("NJWHL").

Now pending are (i) plaintiff's motion to dismiss defendants' counterclaims pursuant to

Rule 12(b)(6) and for sanctions (Doc. #61) and (ii) plaintiff's motion for conditional collective

action certification (Doc. #42).

For the following reasons, the motions to dismiss defendants' counterclaims and for

conditional collective action certification are GRANTED.

The Court DEFERS ruling on plaintiff's motion for sanctions, and orders defense counsel

to show cause why the motion should not be granted.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367 and 29 U.S.C.

§ 216(b).

## BACKGROUND

The Court presumes the parties' familiarity with the factual background and summarizes only the relevant procedural history.

On December 29, 2019, plaintiff commenced this action.  On February 7, 2020, defendants filed a "Motion to Dismiss Case as Frivolous."  (Doc. #9).  By Order dated April 14, 2020, the Court denied the motion to dismiss.  (Doc. #23).  On April 20, 2020, at a teleconference attended by counsel for all parties, the Court issued a bench ruling to explain the basis for that decision.  In the bench ruling, the Court noted both that there is no such motion as a "Motion to Dismiss Case as Frivolous," and that the document defendants submitted was nearly incomprehensible.  The Court also noted that, despite invoking Rules 12(b)(1), (2), (4), and (6), defendants had failed to do anything but state in conclusory manner that these rules had been violated.  The Court concluded plaintiff had plausibly alleged claims under the FLSA, NYLL, and NJWHL.  The Court declined to impose sanctions on defense counsel, but warned that the Court would consider sanctions if defendants' conduct in the case did not improve.[1]

On June 10, 2020, defendants filed a letter (Doc. #47) that the Court construed as seeking the following relief:  (i) impose sanctions on plaintiff for not complying with Court orders, (ii) order plaintiff to file an amended complaint, and (iii) dismiss this case by entering a default judgment against plaintiff.  (See Doc. #48).  The Court denied defendants' requests and explained "[t]here was no legal basis for any of the relief defendants [sought]."  (Id.).  Because this was not the first time defendants had filed such a convoluted motion, the Court warned, "[i]f

---

[1]     Also at the April 20 teleconference, the Court denied defendants' April 14, 2020, "Motion to Dismiss for Lack of Jurisdiction" alternately styled a "Motion for Rule 68 Judgment," (Doc. #24), and defendants' April 17, 2020, "Motion for More Definite Statement" (Doc. #28).  (See Doc. #33).

defense counsel continues to make such meritless filings, the Court will consider imposing sanctions." (Id.).

On August 31, 2020, defendants filed a third motion to dismiss, incorrectly filed as a "counterclaim." (Doc. #56). The Court denied the motion as improper pursuant to Rule 12(b) because defendants had already filed a responsive pleading. (See Doc. #54). The Court again warned, "[i]f defense counsel continues to make such improper filings, the Court will impose sanctions." (Doc. #57). Nevertheless, the Court allowed defendants to file a two-page letter to clarify if defendants were seeking some relief other than moving to dismiss the complaint. (Id.). In response, defendants requested permission to file an amended answer. (Doc. #58). Accordingly, on September 3, 2020, the Court granted defendants leave to file an amended answer by September 17, 2020. (Doc. #59).[2]

On September 17, 2020, defendants filed a document entitled "Defendants' Amended Answer to Complaint with Affirmative Defense[s] and Counterclaims," and alternately styled a "Motion for More Definite Statement." (Doc. #60). The first part of the document answers the allegations of the complaint. The second part purports to provide affirmative defenses to the claims brought against defendants, but actually asserts legal arguments in support of a motion to dismiss. Defendants then raise two purported counterclaims: first, "Plaintiff['s] Complaint Knowing Its Frivolity Should be Sanctioned," and second, "Frivolity in Plaintiff's Clueless Class Action Claim in Violation of Rule 23, FRCP."

---

[2]     The Court denied without prejudice plaintiff's request to file a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment, noting there is no such thing as a "Rule 12(c) Motion for Summary Judgment." (Doc. #59).

**DISCUSSION**

I.   Defendants' Counterclaims

Plaintiff moves to dismiss defendants' counterclaims, arguing the counterclaims fail to state a claim for relief and are "merely attempts to smuggle back into the case arguments of their already-denied motion to dismiss."  (Doc. #62 ("Pl. Mem.") at ECF 5).[3]

The Court agrees.

Defendants' counterclaims request the Court issue Rule 11 sanctions.  Federal Rule of Civil Procedure 11(c)(1) permits the Court to "impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11] or is responsible for the violation."  Federal Rule of Civil Procedure 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  <u>The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets</u>.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(emphasis added).

Defendants' motion for Rule 11 sanctions is improper for several reasons.  First, a Rule 11 motion for sanctions cannot be raised as a counterclaim.  Second, defendants have made no showing they served the Rule 11 motion for sanctions on plaintiff under Rule 5 prior to filing it in court.  Finally, and most importantly, sanctions on plaintiff or plaintiff's counsel are not warranted:  Defendants' argument that this case is "frivolous" and made with "ulterior motive" is raised after the Court has already determined plaintiff plausibly alleged claims under the FLSA,

---

[3]      "ECF ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

NYLL, and NJWHL.  Moreover, defendants appear to have conflated a motion for class

certification of plaintiff's NYLL claims with a motion for FLSA conditional collective action

certification.  Plaintiffs have pleaded, but not yet moved to certify, a Rule 23 class action.

Accordingly, the counterclaims seeking Rule 11 sanctions must be dismissed.

II.    Defendants' Renewed Motion to Dismiss

To the extent defendants' answer purports to move to dismiss plaintiff's complaint, that

motion is denied.  Although labeled as "affirmative defenses," these affirmative defenses

improperly renew arguments defendants already raised in their prior motions and which were

denied at the April 20, 2020, conference.  Moreover, defendants have already improperly sought

to renew their motion to dismiss after filing an answer in the form of a "counterclaim."  (Doc.

#56).  As the Court has explained:

> Defendants filed a third motion to dismiss, incorrectly filed as a "counterclaim."  (Doc.
> #56). . . .  Defendants' motion to dismiss is improper because they have already filed a
> responsive pleading.  (See Doc. #54).  A motion asserting a defense pursuant to Fed. R.
> Civ. P. 12(b) "must be made before pleading if a responsive pleading is allowed."  In
> addition, the Court has already denied defendants' prior motions to dismiss (see Docs.
> ##23, 33).

(Doc. #57).  Accordingly, to the extent defendants' amended answer again moves to dismiss the

complaint, that motion is again denied.[4]

III.   Plaintiff's Motion for Sanctions

Plaintiff argues in his motion to dismiss defendants' counterclaims that defense counsel

should be sanctioned for continuing to make improper filings, by reimbursing plaintiff's counsel

---

[4]    In addition, a motion for a more definite statement may not be made in a responsive
pleading.  And beyond labeling the amended answer a "Motion for More Definite Statement,"
defendants offer no argument on why such a motion should be granted.  Accordingly, the motion
is denied.

for the hours they spent preparing plaintiff's motion to dismiss, including both the initial

memorandum of law and the reply memorandum of law.

The Court defers ruling on the motion, but orders defense counsel to show cause in

writing why he should not be subject to monetary sanctions pursuant to Rule 11.  See Fed. R.

Civ. P. 11(c)(3).

Rule 11(c) permits a court to impose sanctions when Rule 11(b) has been violated.  "By

its terms, Rule 11 requires an attorney to sign every pleading, motion, or other paper submitted

on behalf of his client, and the attorney is subject to sanctions if the document he signs violates

the strictures of Rule 11."  United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen

& Helpers of Am., AFL-CIO, 948 F.2d 1338, 1343 (2d Cir. 1991).  Specifically, Rule 11(b)(1)

requires an attorney to certify that a document is "not being presented for any improper purpose,

such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "the

claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law or for establishing new law."  Fed.

R. Civ. P. 11(b)(1)-(2).

"In deciding whether the signer of a pleading, motion, or other paper has crossed the line

between zealous advocacy and plain pettifoggery, the court applies an objective standard of

reasonableness."  United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen &

Helpers of Am., AFL-CIO, 948 F.2d at 1344.  Courts consider the following non-exclusive

factors in deciding whether to impose sanctions:

> (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a
> pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or only
> one particular count or defense; (4) whether the person has engaged in similar conduct in
> other litigation; (5) what effect it had on the litigation process in time or expense; (6)
> whether the responsible person is trained in the law; [and] (7) what amount, given the

financial resources of the responsible person, is needed to deter that person from repetition in the same case.

Vanacore v. Vanco Sales LLC, 2017 WL 2790549, at *6 (S.D.N.Y. June 27, 2017).

Here, several of these factors weigh in favor of imposing sanctions.  First, defense counsel's filings have been willful.  For instance, although he was warned the Federal Rules of Civil Procedure do not allow a party to make a motion to dismiss after filing a responsive pleading (Doc. #57), he again filed a motion to dismiss (Doc. #60).  In addition, the two counterclaims defendants assert in the amended answer are actually motions for relief—not counterclaims.  Moreover, although the Court granted defense counsel permission to file an amended answer to the complaint, defense counsel shoehorned into the amended answer several motions.  Not only were these motions improperly filed in violation of S.D.N.Y. Local Civil Rule 7.1,[5] they are also meritless.  Second, defense counsel's disregard of this Court's orders has become a pattern.  The Court has repeatedly warned defense counsel that if he continued to make improper filings, it would impose sanctions.  Finally, by belaboring the docket with repetitive and vexatious filings, defendants have wasted plaintiff's and the Court's time and resources.

On this record, defense counsel's actions appear to violate Rule 11(b)(1) and Rule 11(b)(2).

Accordingly, pursuant to Rule 11(c)(3), the Court orders defense counsel to show cause by letter, not to exceed three pages in length, why the Court should not impose monetary sanctions on him for (i) making repetitive motions to dismiss even after they have been denied

---

[5]     In the April 20 bench ruling, the Court reminded counsel that Local Rule 7.1 states all motions shall include a notice of motion, a memorandum of law, and supporting affidavits containing factual information necessary to decide the motion.  Then, defendants had not filed a notice of motion to dismiss with a supporting memorandum of law and supporting affidavits, but rather, had filed a singular document styled a "Motion to Dismiss Case as Frivolous."

and a responsive pleading filed; (ii) repeatedly filing an improper counterclaim; and (iii)

including improper legal arguments and motions in an amended answer.  Defense counsel's letter

shall be filed by no later than February 22, 2021, and shall address why defense counsel's actions

have not violated Rule 11(b)(1)-(2).

IV.     Motion for Conditional Collective Action Certification

Courts in this Circuit use a two-step method to determine whether to conditionally certify

a collective action under the FLSA.  Myers v. Hertz Corp., 624 F.3d 537, 554–55 (2d Cir. 2010).

> In the first step, the court examines the pleadings and affidavits of the proposed collective action and determines whether the proposed class members are 'similarly situated.'  If they appear to be, the court 'conditionally certifies' the class.  Putative class members are given notice and the opportunity to 'opt in' and the action proceeds as a representative action through discovery.

Masson v. Ecolab, Inc., 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005); see Myers v. Hertz

Corp., 624 F.3d at 555.  The second step typically occurs after discovery has been completed.  At

that time, defendants may move to decertify the collective action if discovery reveals the opt-in

plaintiffs are not similarly situated.  Myers v. Hertz Corp., 624 F.3d at 555.  If the claimants are

not similarly situated, the court decertifies the collective action, and the claims by the opt-in

plaintiffs are dismissed; if they are similarly situated, the collective action may proceed to trial.

Masson v. Ecolab, Inc., 2005 WL 2000133, at *14.

At this first step of an FLSA collective action, "a district court has broad discretion to

grant certification, to allow discovery, and to regulate notice."  Urtubia v. B.A. Victory Corp.,

857 F. Supp. 2d 476, 483 (S.D.N.Y. 2012).  The threshold question for exercising that discretion

is whether plaintiff has shown that potential class members are "similarly situated" to him.  Id.

In this Circuit, plaintiffs meet their burden by making a "'modest factual showing' that they and

potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." <u>Myers v. Hertz Corp.</u>, 624 F.3d at 555.

"The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" <u>Hoffmann v. Sbarro, Inc.</u>, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, and declarations, or the affidavits and declarations of other potential class members." <u>Jackson v. Bloomberg, L.P.</u>, 298 F.R.D. 152, 158 (S.D.N.Y. 2014). "At this initial stage, the court does not resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." <u>Id</u>.

"Nor must this Court wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." <u>Hoffmann v. Sbarro, Inc.</u>, 982 F. Supp. 249, 262 (S.D.N.Y. 1997).

Here, plaintiff has satisfied his modest burden to show that he and potential opt-in plaintiffs were victims of a common policy or plan that violated the law.

With regard to the FLSA minimum wage claim, plaintiff alleges he was not provided base pay, but paid only by the hour or half-hour when he had customers at either the New York (Aily Foot Relax Station) or New Jersey (Linda Foot Relax Spa Station) location. He also alleges other employees of defendants were not paid a base wage: plaintiff states in his affidavit in support of the motion for conditional collective action certification that David, Amy, Jason, Peter, and Jack all worked as masseuses (some in either the New York or New Jersey location, and some in both locations) and were similarly not paid a minimum wage, but only by the hour or half-hour when they provided massages.

With regard to the FLSA failure-to-pay-overtime claims, plaintiff alleges in his affidavit that although he, David, Amy, Jason, Peter, and Jack all worked between seventy-eight and eighty-eight hours per week, no one was paid time-and-a-half for hours worked past forty hours.

Of course, these findings do not mean plaintiff's claims are meritorious.  "But the Court need not evaluate the merits of plaintiff['s] claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here."  Hoffmann v. Sbarro, Inc., 982 F. Supp. at 262.

Accordingly, plaintiff's motion for conditional collective action certification is granted.

## CONCLUSION

The motion to dismiss defendants' counterclaims is GRANTED.  To the extent defendants' amended answer includes motions for relief, all such motions are DENIED.

The Court DEFERS ruling on plaintiff's motion for sanctions.  By no later than February 22, 2021, defense counsel shall show cause by letter, not to exceed three pages in length, and in accordance with the above instructions, why the Court should not impose monetary sanctions on defense counsel.

The motion for conditional collective action certification is GRANTED.  The Court will separately sign and docket the proposed class notice.  (Doc. #43-3).

Discovery shall proceed as set forth in the Revised Civil Case Discovery Plan and Scheduling Order, dated November 24, 2020.  (Doc. #71).  The Court will hold a case management conference on March 22, 2021, at 2:45 p.m., by telephone conference, as previously scheduled.  (Id.).

The Clerk is instructed to terminate the motions.  (Docs. ##42, 61).

Dated: February 8, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge