UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YONG BIAO JI,

                              Plaintiff,                      **ORDER**

    -against-                                    19 Civ. 11881 (VB)(JCM)

AILY FOOT RELAX STATION, INC., *et al.*,

                              Defendants.
----------------------------------------------------------x

On April 15, 2021, the Court heard oral argument during a telephone conference regarding (1) the outstanding discovery disputes set forth in the parties' joint letter, dated April 12, 2021, (Docket No. 94); (2) Defendants' Emergency Motion for Reconsideration, (Docket No. 97) ("Reconsideration Motion"); (3) Defendants' Motion for Sanctions, (Docket No. 98) ("Sanctions Motion"); and (4) Defendants' Letter Motion to Compel Recusal, (Docket No. 99) ("Recusal Motion"), and made the following rulings:

1. Plaintiff's request to compel responses to interrogatories 6, 8, 9, 10, 11, 13, 14, 15, 16, 18 and 19 from Plaintiff's First Set of Interrogatories to Defendants, (Docket No. 94-1), is granted in part and denied in part.

    a. Defendants do not need to provide additional responses to Plaintiff's Interrogatories 6, 10, 15, 16 and 19.

    b. Regarding Plaintiff's Interrogatory 8, Defendants are directed to provide the outstanding social security numbers, phone numbers and addresses for the former employees listed on the spreadsheet entitled "Non-Exempt, Non-Managerial Workers with Wage and Tips with Aily Foot Relax Station Inc. (Demised)," (Docket No. 97-2) ("Former Employee Spreadsheet"). Further, Defendants are directed to investigate whether

"Allen," "Anna," "David," "Irving," "Leo," "Lily" and "Lina" were former employees, and if so, provide the full name, sex, social security number, days and hours' worked, compensation, tips, length of employment, phone number and social media account information for each individual.

c. Regarding Plaintiff's Interrogatory 9, Defendants shall confirm whether a payroll company was used, and if so, Defendants shall produce information about the payroll company for the relevant time period.

d. Regarding Plaintiff's Interrogatory 11, Defendants are directed to provide information regarding Kai Yuan Accounting, including the office address, name of the accountant and the years he or she was used.

e. Regarding Plaintiff's Interrogatories 13 and 14, Defendants are directed to provide the names of any bank in which Defendants Aily Foot Relax Station, Inc. and/or Linda Foot Relax Spa Station Inc. ("Corporate Defendants"), had an account, the address of the bank and the account number(s) for the relevant time period.

f. Regarding Plaintiff's Interrogatory 18, Defendants are directed to identify any manager employed by the Corporate Defendants for the relevant time period.

2. Plaintiff's request to compel responses to document requests 1, 7, 10, 33, 35, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 70 and 87 from Plaintiff's First Requests for Production of Documents to Defendants, (Docket No. 94-4), is granted.  Defendants are directed to either produce the outstanding documents or provide Plaintiff with a

letter stating that there are no responsive records in their possession. Further Defendants are directed to produce all documents used to compile the Former Employee Spreadsheet.

3. Plaintiff's request for a continued deposition of Defendant Xiang Man Zhang is granted. The continued deposition is limited to three hours and Plaintiff may not re-depose Ms. Zhang on any areas covered during the initial deposition.

4. Plaintiff's request for a Rule 30(b)(6) deposition is granted. Defendants are directed to identify and produce a Rule 30(b)(6) witness.

5. Defendants' request to compel responses to document requests 1, 2, 3, 5, 6, 8, 10, 11, 13, 14, 15, 16, 17, 19, 20, 21, 22, 26 and 27 from Defendants' First Set of Document Production Demands, (Docket No. 97-1), is granted in part and denied in part.

    a. Plaintiff does not need to produce any additional documents in response to Defendants' Document Requests 1, 2, 3, 5, 6, 8, 10, 11, 13, 14, 15, 16, 17, 19, 20, 21 and 22.

    b. Regarding Defendants' Document Requests 26 and 27, Plaintiff is directed to explain how Plaintiff arrived at the calculations for the Corporate Defendants' "gross annual income" and provide any supporting documentation used to calculate such amounts.

6. Defendants' Reconsideration Motion is denied.

7. Defendants' Sanctions Motion is denied without prejudice.

8. Defendants' Recusal Motion with respect to the undersigned is denied.

Counsel are directed to produce the aforementioned documents and interrogatory responses by May 21, 2021.  Additionally, Defendants are directed to submit a letter to the Court by April 22, 2021, setting forth any disputes regarding Plaintiff's responses to Defendants' interrogatories along with a copy of the interrogatories and responses.  Plaintiff shall respond to such letter by April 29, 2021.  Finally, the parties are directed to submit a joint letter on May 26, 2021 regarding the status of discovery.

The Clerk is respectfully requested to terminate the pending motions (Docket Nos. 97 and 98).

Dated:   April 16, 2021
         White Plains, New York

                                        **SO ORDERED:**


                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge