UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YONG BIAO JI,
*on his own behalf and on behalf of others similarly
situated*

                          Plaintiff,

                  -against-

AILY FOOT RELAX STATION INC
        d/b/a Foot Relax Spa Station;
LINDA FOOT RELAX SPA STATION
        d/b/a Foot Relax Spa Station;
XIANG MAN ZHANG
        a/k/a Ailing Zhang and
KE XUE ZHENG

                          Defendants.
-------------------------------------------------------------X

**ORDER**

19 Civ. 11881(VB)(JCM)

        Presently before the Court is Aily Foot Relax Station Inc, Linda Foot Relax Spa Station,

Xiang Man Zhang and Ke Xue Zheng's (collectively, "Defendants") April 21, 2021 motion to

compel ("Motion") Yong Biao Ji ("Plaintiff") to supplement his responses to interrogatory

numbers ("Interrogatory Numbers") 4, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23 and 26–31, as set

forth in Defendants' first set of interrogatories. (Docket No. 104).  Plaintiff opposed Defendants'

Motion on April 29, 2021, (Docket No. 105) ("Pl. Opp."), and Defendants replied on April 30,

2021, (Docket No. 106) ("Def. Reply").

**I.  BACKGROUND**

        The instant matter concerns Plaintiff's claims against Defendants pursuant to the Fair

Labor Standards Act ("FLSA"), New York Labor Law ("NYLL") and the New Jersey Wage and

Hour Law ("NJWHL") for unpaid minimum wage, unpaid overtime, spread of hours, failure to

provide meal periods, failure to maintain records, failure to give time-of-hire wage notice, failure to provide wage statements and statutory damages. (Docket No. 1 ¶¶ 1–5) ("Complaint").

This matter has been contentiously litigated.  The parties have engaged in substantive motion practice and have brought various discovery disputes to the Court's attention.  On April 14, 2020, Defendants filed a motion to dismiss Plaintiff's claims, (Docket Nos. 24, 25), which was denied by Judge Briccetti on April 20, 2020, (Docket No. 33).  Defendants thereafter answered Plaintiff's complaint ("Complaint") on September 17, 2020 and brought counterclaims against Plaintiff. (Docket No. 60).  Plaintiff filed a motion to dismiss Defendants' counterclaims on October 1, 2020, (Docket Nos. 61, 62), which was granted on February 8, 2021, (Docket No. 76).  On February 8, 2021, Judge Briccetti granted Plaintiff's motion to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b). (*Id.*).

 The parties were unable to complete fact discovery by March 20, 2021, in violation of Judge Briccetti's November 24, 2020 order. (Docket No. 71).  On April 6, 2021, this matter was referred to the undersigned for general pretrial and to assist with the resolution of the parties' outstanding discovery disputes. (Docket No. 92).  The parties outlined these disputes in a joint letter to the Court on April 12, 2021 ("April 12, 2021 Joint Letter"). (Docket No. 94).  The undersigned heard oral argument on the issues raised in the April 12, 2021 Joint Letter on April 15, 2021. (April 15, 2021 Minute Entry).  The Court issued an order on April 16, 2021 ("April 16, 2021 Order") memorializing the rulings made on the record. (Docket No. 102).

In accordance with the April 16, 2021 Order, Defendants submitted a letter on April 21, 2021 requesting the Court order Plaintiff to supplement his responses to Defendants' Interrogatory Numbers 4, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 23, and respond to Interrogatory Numbers 26–31, as set forth in Defendants' first set of interrogatories. (Docket No.

104).  Plaintiff opposed the Motion, (Pl. Opp.), and Defendants submitted a letter in reply, (Def. Reply).  In their reply, Defendants additionally moved the Court to: (1) reconsider its April 16, 2021 Order and relieve Defendants of the discovery obligations imposed on them pursuant to the Order, (Def. Reply at 2[1]); and (2) sanction Plaintiff's counsels, (*id.* at 1).  For the reasons set forth below, Defendants' Motion to compel is denied in its entirety.  Defendants' motions for reconsideration and for sanctions are also denied.

## II.  LEGAL STANDARDS

District courts "have broad discretion in deciding motions to compel." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016).  The party seeking to compel discovery has the initial burden of articulating why the information sought is relevant. *See Zanowic v. Reno*, 97 Civ. 5292(JGK)(HBP), 2000 WL 1376251, at *6 (S.D.N.Y. Sept. 25, 2000). Once the movant establishes relevance, the burden shifts to the resisting party, who is tasked with showing how "each request is not relevant, or how each request is overly broad, burdensome, or oppressive," "despite the broad and liberal construction afforded [by] the federal discovery rules." *Fin. Guar. Ins. Co.*, 314 F.R.D. at 87–88 (quoting *Sokol v. Wyeth, Inc.,* No. 07 Civ. 8442 (SHS)(KNF), 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008)).

Further, "[a]n interrogatory may relate to any matter that may be inquired into under" Federal Rule of Civil Procedure 26(b)(1) ("Rule 26") which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); 33(a)(2).  Pursuant to Federal Rule of Civil Procedure 33 ("Rule 33"), a party may not serve more than 25 written interrogatories on another

---

[1] All page number citations to the record refer to the ECF page number unless otherwise noted.

party, "including all discrete subparts," absent a stipulation or leave of the court. Fed. R. Civ. P. 33(a)(1).

A responding party may object to an improper interrogatory. Fed. R. Civ. P. 33(b)(4). "There is no theodolite to survey with precision the boundaries of proper interrogatories." *Winfield v. City of New York*, No. 15-CV-05236 (LTS) (KHP), 2018 WL 2277838, at *3 (S.D.N.Y. May 18, 2018). Thus, the district court is afforded "wide discretion in determining whether to require answers to interrogatories." *Id.*, at *2. It is clear, however, that "[q]uestions seeking legal conclusions" and those "calling for an opinion based on hypothetical facts" are improper. *Id.*, at *3. Moreover, the Southern District of New York's local rules limit interrogatories to those questions seeking: (1) "names of witnesses with knowledge of information relevant to the subject matter of the action[; (2)] the computation of each category of damage alleged[;]" or (3) the existence and location of, *inter alia*, relevant documents. Local Civ. R. 33.3(a). Interrogatories seeking information outside of these enumerated categories may only be served "if [interrogatories] are a more practical method of obtaining the information sought than a request for production or a deposition." Local Civ. R. 33.3(b).

To the extent an interrogatory is not objectionable, the responding party is required to "provide the best answer they can based upon current information in their possession." *Trueman v. New York State Canal Corp.*, Civ. No. 1:09-CV-049 (LEK/RFT), 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010) (citing Fed. R. Civ. P. 33(b)(3)). "This does not necessarily mean, however, that the responding party needs to provide all evidentiary proof or every shred of evidence," as long as the respondent makes a "reasonabl[e]" effort to answer. *Id.*, at *3 (citing *Harlem River Consumers Co-op., Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459, 466 (S.D.N.Y. 1974); Fed. R. Civ. P. 26(a)(1)(E)). Furthermore, if new information "comes into [the

responding party's] possession, the responding party has a continuing duty to supplement their responses." *Id.*, at *2 (citing Fed. R. Civ. P. 26(e)(1)).

## III. DISCUSSION

### A. Defendants' Motion to Compel Supplemental Interrogatory Responses

Defendants move to compel Plaintiff to supplement his responses to Defendants' Interrogatory Numbers 4, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 23. (Docket No. 104). Defendants' Motion argues why each interrogatory response should be supplemented. (*See* Motion). Plaintiff responds to Defendants' Motion generally, asserting, *inter alia*, that the Motion is time barred, Plaintiff adequately responded to the interrogatories at issue, and the information requested should have been elicited during Plaintiff's March 19, 2021 deposition. (Pl. Opp. at 1–2).

At the outset, Defendants' motion is timely. Plaintiff asserts that the Court's April 16, 2021[2] Order directed Defendants to raise outstanding discovery issues by April 12, 2021. (Pl. Opp. at 1). Plaintiff's contention is incorrect. The Court directed Defendants in its April 16, 2021 Order to "submit a letter . . . by April 22, 2021, setting forth any disputes regarding Plaintiff's responses to Defendant's interrogatories . . ." (Docket No. 102). Defendants' filed the instant Motion on April 21, 2021. (Docket No. 104). The Motion is therefore timely. Accordingly, the Court will address each of the interrogatories for which Defendants seek a supplemental response in turn.

---

[2] It appears that Plaintiff's argument that Defendants' Motion is untimely is based on Plaintiff's incorrect belief that the operative deadline for Defendants to file the Motion was set forth in Judge Bricetti's April 6, 2021 Order. Plaintiff alleges that "[o]n April 06, 2021, Your Honor ordered that the parties shall submit a joint letter to the Court outlining any remaining discovery issues that remain by **April 12, 2021**." (Pl. Opp. at 1 (citing Docket No. 93)) (emphasis in original). The deadline governing the instant Motion was set by the undersigned at the April 15, 2021 conference and was memorialized in the Court's April 16, 2021 Order. (Docket No. 102).

**1. Interrogatory Number 4**

Interrogatory Number 4 asks whether Plaintiff "file[d] . . . annual tax returns within" the last five years. (Docket No. 104-1 at 4).  Defendants argue that this query is relevant to "Plaintiff's baseless accusations . . . that Defendants . . . committed tax fraud[]." (Motion at 3). The record does not indicate that Plaintiff has levied such an accusation against Defendants. Regardless, whether Plaintiff filed taxes has no bearing on the propriety of the corporate Defendants' tax filings.  Thus, whether Plaintiff filed taxes in the past five years is not relevant to Plaintiff's claims for, *inter alia*, unpaid wages and overtime. *See Zanowic*, 2000 WL 1376251, at *6 (failure to explain relevance of information sought was "fatal" to movant's motion to compel).

Alternatively, the information sought by this interrogatory does not fall into any of the categories enumerated in Local Civ. R. 33.3(a), nor is an interrogatory "a more practical method of obtaining" this information than asking Plaintiff during his deposition whether he recently filed taxes. *See* Local Civ. R. 33.3(a)–(b).  For these reasons, Defendants' request is denied.

**2. Interrogatory Number 10**

Interrogatory Number 10 asks "'how many similarly situated class members' have answered and joined [Plaintiff's] pending class [sic] action." (Docket No. 104-1 at 8). Defendants argue that because "this is the final phase of discovery," Plaintiff must supplement his response. (Motion at 1).  Plaintiff's counsel informed the Court during the April 15, 2021 conference that Plaintiff is currently proceeding individually and not as a class.  Thus, there is no collective action for anyone to opt into. *See Zanowic*, 2000 WL 1376251, at *6.  Accordingly, Defendants' request is denied.

### 3.   Interrogatory Numbers 13–16

Interrogatories 13, 14, 15 and 16 ask in varied ways "why Plaintiff only ha[d] 5 minute[]" meal breaks. (Docket No. 104-1 at 10–13).  At the outset, Defendants are in a better position than Plaintiff to explain why Plaintiff's meal breaks only lasted five minutes. *See Zanowic*, 2000 WL 1376251, at \*3 n.1 ("Rule 33 does not require a party to provide information that is unknown and unknowable to that party"); *cf United States v. District Council of New York City*, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at \*11 (S.D.N.Y. Aug. 18, 1992) ("facts relevant to the claims which are *known by a party*" are "routinely provided in discovery.") (emphasis added). Nevertheless, Plaintiff already answered the interrogatory, stating, *inter alia*, that "[h]e did not have a fixed time for lunch or for dinner" and was not given meal breaks, and thus, "rush[ed] to have . . . lunch in 5 minutes where [sic] there is [sic] no customer [sic]." (Docket No. 104-1 at 10).  Plaintiff also stated that even when employees were eating, they were "on call," meaning if a customer came, their break ended. (*Id.* at 11).  The Court finds that Plaintiff's responses to Interrogatory Numbers 13–16 are sufficient, as Plaintiff answered the questions to the best of his ability based on information available to him. *See Trueman*, 2010 WL 681341, at \*2.

### 4.   Interrogatory Number 17

Interrogatory Number 17 asks whether the "five-minute lunch break rule" negatively impacted Plaintiff's health. (Docket No. 104-1 at 13).  Defendants argue that "such a question will . . . help the Court . . . understand . . . the nature and magnitude of Plaintiff's sufferings . . . if any." (Motion at 2).  In his Complaint, Plaintiff seeks compensation for unpaid wages, unpaid overtime and unpaid spread of hours payments pursuant to federal and state law. (Complaint ¶¶ 63–115).  Plaintiff need not establish that he suffered physical harm to be compensated for these purported statutory violations.  Thus, any physical harm Plaintiff may have suffered as a result of

his alleged five minute meal breaks is neither relevant to Defendants' liability, nor to Plaintiff's

potential damages. *See* Fed. R. Civ. P. 26(b)(1).

Alternatively, this question does not fall into the categories of questions enumerated in

Local Civil Rule 33.3(a), nor is an interrogatory a more practical method of eliciting this

information than questioning Plaintiff at his deposition about his health. *See* Local Civ. R.

33.3(a)–(b).  Accordingly, Defendants' request to compel is denied.

**5.  Interrogatory Number 18**

Interrogatory No. 18 reads as follows:

> In Complaint, you stated that back massage per customer took one
> hour, foot massage took half-hour. While you stated that you
> worked 80 hours per week, does it mean you served 80 back
> massage customers or 160 foot massage customers, each week,
> making the total number of the 4160 back massage customers and
> 8320 foot massage customers per annum? If such a statistic were
> imprecise, please gave your approximate weekly and annually
> statistics?

(Docket No. 104-1 at 14).  In response to this interrogatory, Plaintiff stated that he served

approximately twenty customers per week. (*Id.* at 15).  Defendants argue that Plaintiff's response

"does not match his allegation that he was coerced to massage 80 hours per week," and thus

request that Plaintiff be compelled to supplement his response. (Motion at 3).  The Court finds

that Interrogatory Number 18 is improper, as it does not seek the type of information

contemplated by Local Civil Rule 33.3(a), nor is it the most practical means of eliciting this

information. Local Civ. R. 33.3(a)–(b).

Assuming, *arguendo*, that Interrogatory Number 18 was proper, the Court finds that

Plaintiff's response would be sufficient.  Plaintiff alleges that he "worked for around eighty (80)

hours per week," *not* that he spent eighty hours per week massaging customers, as Defendants

contend. (*See* Complaint ¶ 38).  Thus, Defendants' contention that Plaintiff's response is

inconsistent with his Complaint is based on a false premise.  Additionally, Defendants are better positioned than Plaintiff to know how many customers their businesses served on a weekly or annual basis.  For these reasons, Defendants' request is denied.

## 6.  Interrogatory Numbers 19 and 20

Interrogatories 19 and 20 ask Plaintiff what responsibilities he was given before the spa opened in the morning and after it closed in the evening. (Docket No. 104-1 at 15).  Plaintiff responded that between "9:00am – 11:00am, [he] cleans up the shop and . . . waits for the guests to work," and that between "8:30pm and 9:00pm, Plaintiff tidies up the shop and sorts it out." (*Id.*).  Defendants argue that Plaintiff's response is inconsistent with Plaintiff's deposition testimony and must therefore be supplemented. (Motion at 3).  Defendants' argument is without merit.  First, Defendants are in a better position than Plaintiff to know the job responsibilities of their employees.  Second, the information sought by Interrogatory Numbers 19 and 20 does not fall into the categories set forth in Local Civil Rule 33.3(a).  Indeed, Plaintiff's deposition was the more practical forum for Defendants to gather such information. *See* Local Civ. R. 33.3(b).  Third, Defendants already elicited this information at Plaintiff's deposition. (*See* Motion at 3).  For these reasons, Defendants' request is denied.

## 7.  Interrogatory Number 21

Interrogatory 21 reads as follows:

> Based upon your presentation of your hourly pay, times your alleged working hours weekly, plus reasonable percentage of tips in massaging practice, your annual income was ranging from $64,896- $70,304. Did the dollar figure reflect your real income? You six checks totaled $3,015.10 that you received from 01/2019 through 05/2019, only represents less than 6% of your total income? Why was such a sizable difference?

(Docket No. 104 at 16).  This question is both unduly vague and assumes facts that have not been established.  The record does not indicate that Plaintiff's annual income ranged from $64,896 to $70,304.  These figures were arbitrarily chosen by the Defendants and are merely hypothetical.  Thus, this interrogatory is improper. *See Douglas v. Harry N. Abrams, Inc.*, No. 13-CV-2613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016) (responding party was not required to answer an interrogatory which assumed a fact that had not been established).

In the alternative, Plaintiff already responded to Interrogatory Number 21, stating that he earned approximately $3,000 a month and $36,000 a year. (Docket No. 104-1 at 17).  The Court finds that Plaintiff's response is sufficient, as Plaintiff answered the question to the best of his ability. *See Trueman*, 2010 WL 681341, at *2.  Defendants' request is therefore denied.

## 8.  Interrogatory Numbers 26–31

Plaintiff did not respond to Interrogatories No. 26–31 on the ground that Rule 33 prevents Defendants from serving more than 25 interrogatories, including discrete subparts, without leave of the court. (Docket No. 104-1 at 22).  Defendants assert that "Plaintiff . . . should be ordered to answer interrogatories 26–31," which is "within the Court's discretional power." (Motion at 4).

For a court to grant leave to serve more than 25 interrogatories, the movant must make a "particularized showing" articulating the necessity of propounding further interrogatories. *See Douglas*, 2016 WL 11645646, at *4 (quotations omitted).  In deciding whether to grant leave, courts weigh "the benefit of discovery" against "the potential burden on the responding party." *Id*., at *3 (quoting *Black v. Buffalo Meat Serv., Inc.*, No. 15 CV 49S, 2016 WL 4363506, at *7 (W.D.N.Y. Aug. 16, 2016)).  Furthermore, when requests for more than 25 interrogatories are served along with the propounding party's initial interrogatories, the request is generally denied. *See id.* (quoting *Black*, 2016 WL 4363506, at *7.).

Defendants' motion to compel Plaintiff to respond to Interrogatory Numbers 26–31 is denied. Defendants offer no explanation — much less a particularized showing — to support their purported need for additional interrogatories. *See Douglas*, 2016 WL 11645646, at *4. It is also notable that most of Defendants' interrogatories contain discrete subparts, which constitute separate questions for purposes of Rule 33. *See* Fed. R. Civ. P. 33(a)(1). Thus, Defendants have already effectively served more than 25 interrogatories on Plaintiff. Accordingly, Defendants' motion to compel responses to Interrogatories 26–31 is denied.

**B.  Defendants' Motion to Compel Responses to Requests to Admit**

Defendants served requests to admit on Plaintiff on August 18, 2020. (Docket No. 104-2 at 6). In their reply, Defendants represent to the Court that Plaintiff has not answered their requests to admit, (Motion at 2), which was not brought to the Court's attention at the April 15, 2021 hearing. However, it appears that the requests to admit were timely served, given that the deadline for filing such requests was March 20, 2021. (Docket No. 71). Plaintiff does not indicate whether he responded to these requests. (*See* Pl. Opp.). If Plaintiff wants additional time to respond, Plaintiff is directed to write to the Court. Otherwise, Federal Rule of Civil Procedure 36 will control. *See* Fed. R. Civ. P. 36(a)(3).

**C.  Defendants' Motion for Reconsideration of the Court's April 16, 2021 Order**

Defendants contend that because Plaintiff argues that the instant Motion is untimely, it follows that Plaintiff's motion to compel discovery, as set forth in the parties April 12, 2021 joint letter, was also untimely, and that Plaintiff therefore "forfeited" his entitlement to the discovery that the undersigned ordered the Defendants to produce on April 16, 2021. (Def. Reply at 2). Defendants therefore ask the Court to reconsider its April 16, 2021 Order and relieve Defendants of their discovery obligations. Defendants' argument is without merit.

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Glob. View Ltd. Venture Cap. v. Great Cent. Basin Expl., L.L.C.*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003); (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).  Furthermore, Southern District of New York Local Rule 6.3 provides that reconsideration is limited to "matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3.  Defendants' contention — that Plaintiff erroneously believed that Defendants' Motion was time barred — does not present the Court with a sufficient factual or legal reason to reconsider its April 16, 2021 ruling. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Accordingly, Defendants' motion for reconsideration is denied.

**D.  Motion for Sanctions**

Defendants move for sanctions against Plaintiff's counsel for "intentionally misleading the Court" and acting in bad faith. (Def. Reply at 1).  The Court finds that Plaintiff's error concerning Defendants' deadline to file the instant Motion does not warrant sanctions. *See Int'l Tech. Marketing, Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 370 (2d Cir. 2021) (the decision whether to impose sanctions "remains within the careful discretion of the district court.").  Accordingly, Defendants' motion is denied.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion is denied.  The Clerk is respectfully

requested to terminate the pending motion (Docket No. 104).

Dated:     May 12, 2021
               White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge
