UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

YONG BIAO JI,

                           Plaintiff,

v.

AILY FOOT RELAX STATION, INC. d/b/a
Foot Relax Station; LINDA FOOT
RELAX SPA STATION, INC. d/b/a Foot
Relax Spa Station; XIANG MAN ZHANG
a/k/a AILING ZHANG; and KE XUE
ZHENG,

                         Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/18/22

**ORDER**

19 CV 11881 (VB)

Briccetti, J:

       Plaintiff brings this wage-and-hour case against his former employers, defendants Aily

Foot Relax Station Inc. and Linda Foot Relax Spa Station Inc., each doing business as Foot

Relax Spa Station, and Xiang Man Zhang, also known as Ailing Zhang, and Ke Xue Zheng.

Plaintiff was employed as a masseuse for defendants at their Yonkers, New York, and

Parsippany, New Jersey, locations.  Defendants are represented by Ning Ye, Esq., who works in

Flushing, Queens, New York.

       On July 11, 2022, defendants moved to change venue pursuant to 28 U.S.C. § 1404.

(Doc. #133).  Specifically, defendants seek to transfer this action within the Southern District of

New York from the White Plains courthouse to the Manhattan courthouse.

       For the following reasons, defendants' motion is DENIED.

       First, this motion is improper under Section 1404(a).  Section 1404(a) provides that "a

district court may transfer any civil action to any other <u>district or division</u> where it might have

been brought or . . . to which all parties have consented."  28 U.S.C. § 1404(a) (emphasis added).

There is only one division in this District, and both the White Plains and Manhattan courthouses

are located within it.  <u>See</u> 28 U.S.C. § 112(b).  Even if Section 1404(a) provided for a transfer

1

among courthouses within the same division, this action could not have been assigned to the

Manhattan courthouse under Rule 18(a) of the Rules for the Division of Business Among District

Judges, Southern District of New York.[1]  Therefore, any request to change venue pursuant to

Section 1404(a) must be denied.

For the same reasons, any request to change venue pursuant to Section 1404(b) must be

denied, as that section provides for transfers "from the <u>division</u> in which [the case is] pending to

any other <u>division</u> in the same district." 28 U.S.C. § 1404(b) (emphasis added).

Second, defendants have not established that considerations of convenience and fairness

support a transfer to the Manhattan courthouse pursuant to Section 1404(c).  Section 1404(c)

provides that "[a] district court may order any civil action to be tried at any place within the

division in which it is pending." 28 U.S.C. § 1404(c).  The factors courts in this Circuit consider

when determining whether to transfer a case under Section 1404(c) are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location
> of relevant documents and relative ease of access to sources of proof, (4) the
> convenience of the parties, (5) the locus of operative facts, (6) the availability of
> process to compel the attendance of unwilling witnesses, and (7) the relative means
> of the parties.

<u>Lehrer v. J&M Monitoring, Inc.</u>, 2022 WL 2392441, at *10 (S.D.N.Y. July 1, 2022).  Of these

factors, "[p]laintiff's choice of forum is presumptively entitled to substantial deference." <u>Id</u>.

(quoting <u>Gross v. British Broad. Corp.</u>, 386 F.3d 224, 230 (2d Cir. 2004)).

Although defendants argue that "[b]oth Plaintiffs and Defendants . . . and super majority

of the witnesses . . . were living, residing, working and/or situated Queens County" (Doc. #133

¶ 1),  the defendants are located in Yonkers, New York, and Parsippany, New Jersey; they do not

---

[1]      Although Rule 18 has been amended since plaintiff commenced this action, this case
could not have been assigned to the White Plains courthouse under Rule 18(a) as the rule existed
at that time, the relevant language of which has not changed.

identify any witnesses located in Queens County.  (Doc. #2).  Indeed, the only potential witness

residing in Queens County of which the Court is aware is plaintiff, who opposes a transfer out of

the White Plains courthouse.  (See Doc. #135).

Defendants also argue for change of venue based on convenience to Mr. Ye, but

convenience of counsel is not a relevant factor.

Moreover, because this is a Fair Labor Standards Act case for failure to pay minimum

wages and overtime, the locus of operative facts and the location of a significant portion of the

evidence will be where plaintiff was employed—in this case, in Yonkers and New Jersey.

Defendants are incorrect that it is significantly more expensive or difficult for any party or

witness located in Queens County to reach the White Plains courthouse as opposed to the

Manhattan courthouse.  Therefore, considerations of convenience and fairness weigh against

transferring the case to the Manhattan courthouse pursuant to Section 1404(c).

For all of the foregoing reasons, defendants' motion is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #133).

Dated: July 18, 2022
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge