UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YONG BIAO JI,

                             Plaintiff,

v.

AILY FOOT RELAX STATION, INC. d/b/a
Foot Relax Spa Station; LINDA FOOT
RELAX SPA STATION, INC. d/b/a Foot
Relax Spa Station; XIANG MAN ZHANG
a/k/a AILING ZHANG; and KE XUE
ZHENG,
                             Defendants.
--------------------------------------------------------------x

**ORDER**

19 CV 11881 (VB)

       On November 9, 2022, the Court granted defense counsel's request for an extension of time for the parties to file a revised proposed joint pre-trial order. (See Doc. #158).

       Thereafter, by letter dated November 15, 2022, defense counsel requested that the undersigned recuse himself from this case. (Doc. #159).[1] Defense counsel referred to a statement in the November 9 Order that the Court "appreciates plaintiff's mindfulness of the Court's prior Orders" (Doc. #158), and asserted this statement implies a "lack of appreciation for Defendants' counsel's 'un-mindfulness' of Its 'prior Orders.'" (Doc. #159 at 3). Thus, defense counsel argues, the November 9 Order is evidence of the undersigned's bias and prejudice against defendants.

       For the following reasons, defense counsel's application is DENIED.[2]

       The November 9 Order, which <u>granted</u> the relief sought by defense counsel, does not indicate any judicial favoritism towards plaintiff or plaintiff's counsel.

       Defense counsel also refers to certain prior orders in this case and argues the decision rendered in, or the Court's statements in, such orders show favoritism towards plaintiff warranting recusal.

       However, defense counsel's disagreement with some of the Court's prior rulings is not a basis for recusal. Dekom v. New York, 2013 WL 3095010, at *7 (E.D.N.Y. June 18, 2013), aff'd, 583 F. App'x 15 (2d Cir. 2014) ("Because it is in the nature of a judge's job to rule, and any ruling must favor one side and disfavor the other, rulings during the course of a case

---

[1]    This request is reiterated in a letter docketed on November 21, 2022, although defense counsel characterizes the request as a "recommendation" rather than a formal motion. (Doc. #163).

[2]    The Court does not read defense counsel's recent letters (Docs. ##159, 163) to seek sanctions against plaintiff's counsel. However, to the extent he does, that application is DENIED.

generally are not regarded as evidence of bias, even if it is alleged that a disproportionate number favor one side.").

Likewise, language in a court order identifying procedural deficiencies in an application for relief is also not grounds for recusal. See Liteky v. United States, 510 U.S. 540, 556 (1994) (holding "ordinary admonishments" are an inadequate ground for recusal when they do not derive from knowledge acquired outside the proceedings or display deep-seated or unequivocal antagonism); cf. Powell v. Graham, 2013 WL 37565, at *11 (E.D.N.Y. Jan. 3, 2013) ("courts have consistently held that to require recusal, judicial bias must be against a party, not the party's counsel").

Moreover, the record includes several instances in which the Court afforded leniency to defense counsel.³ (See, e.g., Doc. #81 (sua sponte extending defense counsel's time to comply with a Court order); Doc. #124 (denying plaintiff's motion for sanctions when defense counsel failed to appear at a scheduled conference)).

Accordingly, defense counsel has not proffered any evidence of judicial bias or prejudice towards defense counsel or his clients, and therefore the request that the Court recuse itself is DENIED.

Finally, the Court notes defense counsel's recent letters are replete with inflammatory accusations and rhetoric directed at opposing counsel. (See, e.g., Doc. #159 at 1–2 (accusing plaintiff's counsel of "disgusting perjury" and calling him "a completely spoiled baby's crying for candies he does not deserve")). Previously, defense counsel filed a motion accusing plaintiff's counsel of an unethical conflict, "almost demonstrative insanity," and "mental instability." (Doc. #85 at 5–6). Such language is unbecoming of a member of the bar.

Going forward, the Court expects all counsel to adhere to their professional obligation to treat opposing counsel with civility and respect.

Dated: November 23, 2022
White Plains, NY

SO ORDERED:

/s/ Vincent L. Briccetti

Vincent L. Briccetti
United States District Judge

---

³   In fact, the instant application is procedurally deficient because counsel did not submit an affidavit signed by his client setting forth the facts and reasons for the alleged bias. 28 U.S.C. § 144; see Universal City Studios, Inc. v. Reimerdes, 104 F. Supp. 2d 334, 348 (S.D.N.Y. 2000) (discussing the Section 144 requirement of an affidavit "from the party, not the attorney"). The Court, however, overlooks these procedural deficiencies and addresses the merits of defense counsel's application.