```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
  YONG BIAO JI,                              :
                         Plaintiff,          :
  v.                                         :
                                             :
  AILY FOOT RELAX STATION, INC. d/b/a        :       MEMORANDUM OPINION
  Foot Relax Spa Station; LINDA FOOT         :       AND ORDER
  RELAX SPA STATION, INC. d/b/a Foot         :
  Relax Spa Station; XIANG MAN ZHANG         :       19 CV 11881 (VB)
  a/k/a AILING ZHANG; and KE XUE             :
  ZHENG,                                     :
                         Defendants.         :
--------------------------------------------------------------x
```

In this action, plaintiff asserts claims for unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as claims under the NYLL for failure to pay "spread-of-hours" premium or provide plaintiff with proper wage statements. A trial is scheduled to commence on January 23, 2023.

Pending before the Court are plaintiff's motion in limine and defendants' motion to disqualify plaintiff's counsel from representing plaintiff in this case. (Docs. ##173, 174).

For the following reasons, plaintiff's motion is GRANTED IN PART and DENIED IN PART and defendants' motion is DENIED.

I.     Plaintiff's Motion

Plaintiff argues evidence regarding plaintiff's work authorization (including immigration status and license to provide massage services) and evidence regarding any prior arrest or criminal proceedings against plaintiff are irrelevant and that, even if relevant, their probative value would be outweighed by unfair prejudice to plaintiff.

Defendants did not oppose plaintiff's motion in limine. However, the Court understands from the Jointly-Proposed Pretrial Order defendants intend to argue there are "no wage issues

1

because Plaintiff was . . . practicing criminally pursuable unauthorized massage potentially harming his clients" at trial. (Doc. #161 at ECF 4).

      A.      <u>Work Authorization</u>

Regarding plaintiff's immigration status, "federal courts have made clear that the protections of the FLSA [and NYLL] are available to citizens and undocumented workers alike." <u>Roasas v. Alice's Tea Cup, LLC</u>, 127 F. Supp. 3d 4, 9 (S.D.N.Y. 2015) (internal quotation marks and citation omitted) (collecting cases holding immigration status irrelevant to FLSA and NYLL wage-and-hour claims); <u>Francois v. Mazer</u>, 2012 WL 1506054, at *1 (S.D.N.Y. 2012) (granting motion to exclude evidence of plaintiff's immigration status as irrelevant to plaintiff's FLSA and NYLL claims, and unduly prejudicial). Thus, plaintiff's immigration status is irrelevant to this action because it does not tend to make any fact of consequence to his wage-and-hour claims more or less probable. <u>See</u> Fed. R. Evid. 401.

"Even if evidence regarding immigration status were relevant, the risk of injury to the plaintiff[] if such information were disclosed outweighs the need for its disclosure, because of the danger of intimidation and of undermining the purposes of the FLSA" and NYLL. <u>Rosas v. Alice's Tea Cup, LLC</u>, 127 F. Supp. 3d at 11 (internal quotation marks and citation omitted).

Likewise, it is irrelevant whether plaintiff was properly licensed to perform massages because it has no bearing on whether he is an "employee" under either the FLSA or the NYLL. <u>See</u> 29 U.S.C. § 203(e); N.Y. Lab. Law § 651(5); <u>see also</u> <u>Winfield v. Babylon Beauty Sch. of Smithtown, Inc.</u>, 89 F. Supp. 3d 556, 572–73 (E.D.N.Y. 2015) (rejecting argument that New York law precluded unlicensed cosmetologists from being "employees" under the FLSA).

Accordingly, plaintiff's motion <u>in limine</u> to exclude evidence regarding plaintiff's work authorization is GRANTED.

B. <u>Criminal History</u>

At this time, the Court cannot rule on plaintiff's motion to exclude evidence regarding "[w]hether Defendants, or Defendants' employees or customers, complained to the police about potentially criminal conduct on the part of the Plaintiff, or whether the Plaintiff was arrested or prosecuted for such conduct." (Doc. #173 at 3).

The Court does not know the purpose for which, or the Federal Rule(s) of Evidence under which, defendants may intend to offer this evidence. Without this information, the Court cannot determine whether the evidence is relevant under Rule 401, and if relevant, whether its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time under Rule 403.

Accordingly, plaintiff's motion <u>in limine</u> to exclude evidence regarding any prior complaints against plaintiff, any prior arrests, or plaintiff's criminal history is DENIED WITHOUT PREJUDICE to renew should it become necessary during trial.

II. <u>Defendants' Motion</u>

Defendants argue plaintiff's counsel, Troy Law, PLLC ("Troy"), should be disqualified from representing plaintiff because, according to defendants, Troy represents defense counsel, Ning Ye, Esq., as a creditor in a bankruptcy case currently pending in the United States Bankruptcy Court for the District of Connecticut. See <u>In re Ho Wan Kwok</u>, No. 22-50073 (Bankr. D. Conn. filed Feb. 15, 2022) ("<u>Ho Wan Kwok</u>").[1]

The Court disagrees.

---

[1] This Opinion and Order references filings in <u>Ho Wan Kwok</u> by (<u>Ho Wan Kwok</u>, Doc. #__).

First, a review of the docket in Ho Wan Kwok reveals Troy does not represent Mr. Ye in that case. Instead, the docket and documents submitted as exhibits by both parties suggest Troy proposed to appear on Mr. Ye's behalf, but never actually did.[2]

Second, even if Troy did represent Mr. Ye in Ho Wan Kwok, that fact alone does not make Troy adverse to plaintiff, and defendants have not proffered facts demonstrating "a significant risk that [Troy's] professional judgment on behalf of [plaintiff] will be adversely affected by" representing Mr. Ye in an unrelated bankruptcy case. N.Y. Rule Pro. Resp. 1.7(a), (b); see Van Ryn v. Goland, 189 A.D.3d 1749, 1754 (3d Dep't 2020) (affirming denial of motion to disqualify counsel when movant failed to "meet his burden to establish there is a risk of any significance that [the opposing party] and her counsel have adverse interests").

Accordingly, defendants' motion to disqualify Troy from representing plaintiff is DENIED.

Defense counsel is reminded of his professional obligation to not make false statements to a tribunal. See, e.g., N.Y. Rule Pro. Resp. 3.3(a).

## CONCLUSION

Plaintiff's motion in limine is GRANTED IN PART and DENIED IN PART.

Defendants' motion to disqualify plaintiff's counsel is DENIED.

The final pretrial conference in this case shall proceed as scheduled on January 18, 2023, at 10:00 a.m., in Courtroom 620 in the White Plains courthouse.

---

[2] Although John Troy, Esq., filed a notice of appearance on behalf of Troy as an interested party in Ho Wan Kwok that includes the language "Attorneys for Creditor Ning Ye" in Mr. Troy's signature block, this appears to be a mistake because the notice does not enter Mr. Troy's appearance on behalf of Mr. Ye. (Ho Wan Kwok, Doc. #1006).

The Clerk is instructed to terminate the motions.  (Docs. ##173, 174).

Dated: January 3, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge